IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, LTD., | § | |
| | § | |
| Plaintiff & Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| CATTLE TOWN FEEDERS, LTD., | § | 2:17-CV-122-D-BR |
| | § | |
| Defendant, Counter-Plaintiff, and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ARGONAUT INSURANCE COMPANY, | § | |
| | § | |
| Third-Party Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
CATTLE TOWN FEEDERS, LTD.'S MOTION TO DISMISS**

Before the Court is Defendant, Counter-Plaintiff, and Third-Party Plaintiff Cattle Town Feeders, Ltd.'s ("CTF") Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF 56]. CTF requests dismissal of all claims in this suit and argues the Court does not have subject matter jurisdiction because Nova Casualty Company Ltd.'s ("Nova") filing of this suit is an improper collateral attack on a state court order. The undersigned recommends CTF's Motion to Dismiss be DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Because this suit involves multiple dates of property damage, parties, and claims, the Court will only provide the facts necessary to consider CTF's motion. Nova issued an insurance policy to CTF. [ECF 61 at 2]. On or about August 3, 2015, a storm event damaged CTF's feed mill. [ECF 56 at 2]. Subsequently, the parties disagreed regarding the amount of loss. [ECF 56 at 2, 61 at 2].

Although Nova paid some amount to CTF for the loss, it was less than the amount CTF claimed was owed. [ECF 56 at 2]. The feed mill later suffered additional damage, which CTF claims Nova caused by failing to pay the remaining amount of loss. [*Id*. at 2–3].

On December 12, 2016, CTF demanded appraisal pursuant to Section H. Loss Conditions 2. Appraisal, of the policy [ECF 1-1 at 64], and named Deakin and Deakin Electric, Inc., as its appraiser. [ECF 1 at 3]. Nova objected to Deakin as appraiser, but agreed to participate in the process and named Stoney Kirkpatrick with Haag Engineering as its appraiser ("Kirkpatrick"). [ECF 1 at 3]. According to CTF, between mid-December 2016 and mid-April 2017, Kirkpatrick refused to take any action towards engaging in the appraisal process. [ECF 56 at 3]. As a result, CTF claims it was forced to take action on April 14, 2017, by requesting the Hansford County District Judge appoint an umpire. [*Id*.].

By letter addressed to Judge Brancheau dated April 14, 2017, CTF's counsel requested the appointment of an umpire for appraisal. [ECF 61 at 2]. Judge Brancheau signed an order appointing Matt Hinton of B&G Electric as the umpire that appears to be dated April 19, 2017 (the "state court order"). [ECF 1-4 at 7]. Nova claims, and CTF does not dispute, that Nova did not receive notice of CTF's request for appointment of an umpire until after the state court order was signed. [ECF 61 at 2].

Nova filed suit in this Court on July 7, 2017 [ECF 1], to enforce the policy's appraisal provisions.[1] CTF filed an answer, as well as counterclaims against Nova, alleging unfair claim

---

[1] Nova filed its complaint for declaratory judgment on July 7, 2017, and therein requested the Court to declare the respective rights and obligations of the parties under the policy, specifically that:

(1) CTF's named appraiser, Deakin, is not impartial pursuant to the policy's appraisal provision and allowing Deakin to continue as CTF's appraiser violates the policy's terms and conditions;

(2) CTF must name an alternative appraiser that is both competent and impartial pursuant to the policy's appraisal provision;

(3) CTF sought to appoint an umpire in violation of the policy terms and conditions, chose an improper avenue to petition a court to appoint an umpire, and failed to give appropriate notice to Nova and/or to Nova's appraiser of its intent to do so; and

(4) the state court order appointing umpire be declared invalid and not binding on the parties.

settlement practices under the Texas Insurance Code, breach of the duty of good faith and fair dealing, and breach of contract.[2] [ECF 6 at 7–8]. Nova then filed its Motion to Compel Appraisal on January 23, 2018, in which it also requested this Court vacate the state court order. [ECF 16, 18-1 at 14]. On June 7, 2018, the Court vacated the state court order for failure to comply with the policy terms with regard to appointment of an umpire. [ECF 47].

CTF, Nova, and Argonaut were compelled to appraisal, and after the parties' respective appraisers were unable to agree on an umpire, the parties filed a joint motion to appoint an umpire. [ECF 47, 52]. On September 24, 2018, the court-appointed umpire signed a binding appraisal award. [ECF 61 at 3]. CTF now seeks dismissal of this entire suit for lack of subject matter jurisdiction on the ground that the suit is an improper collateral attack on the state court order.

## II.   STANDARD OF REVIEW

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

(1) the complaint alone;

(2) the complaint supplemented by undisputed facts; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

---

[ECF 1 at 5].

[2] On March 28, 2018, the District Court granted CTF leave to file a third-party complaint against Argo Group US. Inc. [ECF 33]. On April 24, 2018, Argonaut Insurance Company ("Argonaut"), incorrectly named as Argo Group US, Inc., filed its answer. [ECF 40].

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

### III. ANALYSIS

CTF argues Nova's declaratory judgment action is an improper collateral attack on the state court order appointing an umpire, and thus, the Court lacks jurisdiction over all claims in this matter.[3]

"Res judicata principles of the rendering state control the preclusive effect given to a judgment by a federal court." *Steph v. Scott*, 840 F.2d 267, 270 (5th Cir. 1988) (citing 28 U.S.C. § 1738 (1966); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *A.L.T. Corp. v. Small Bus. Admin.*, 801 F.2d 1451, 1456 (5th Cir. 1986)). Thus, Texas res judicata principles apply. Under Texas law, a state court judgment must be defective for at least one of the following four reasons to be collaterally attacked in federal court: (1) the state court lacked jurisdiction over the party or his property; (2) the state court lacked jurisdiction over the subject matter of the suit; (3) the state court lacked jurisdiction to enter the particular judgment rendered;

---

[3] The Court has already vacated the state court order. [ECF 47]. However, CTF's motion raises issues regarding subject matter jurisdiction, which CTF did not raise in response to Nova's motion to vacate the state court order. [ECF 25]. Thus, the issues and arguments now presented to the Court are different in nature than the arguments previously presented to the Court. The Court finds the state court order is void, as determined before, for the additional reasons discussed below.

or (4) the state court lacked the capacity to act as a court. *Steph*, 840 F.2d at 270. Even if a judgment is void, collateral attack is prohibited where "the judgment itself declares that service was had, or that the defendant appeared, and where, of course, the judgment roll does not on its face carry the evidence of its own infirmity." *State Mortg. Corp. v. Traylor*, 36 S.W.2d 440, 441 (1931). In other words, a judgment is merely voidable and subject only to direct attack when it is not defective on its face. *See Steph*, 840 F.2d at 270. The Fifth Circuit has explained:

> The treatment of a "void" judgment differs from that of a "voidable" judgment. A void judgment is subject to both direct and collateral attack, while a judgment that is merely voidable must be corrected through ordinary appellate or other direct procedures. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). A judgment is void only when it is shown that the court had no jurisdiction over the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or lacked capacity to act as a court. *Id*.; *Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987).

*Matter of Gober*, 100 F.3d 1195, 1202 (5th Cir. 1996); *see Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 386 (5th Cir. 2017).

As an initial matter, the Court questions whether the state court order is the type of document or decision that may be given res judicata effect and prompt the collateral attack analysis. Under Texas law, res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008), *superseded by statute as recognized in Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 518 (Tex. 2012). "Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) (internal quotation and citation omitted).

5

It is unclear based on the record before the Court whether a "prior action" or "suit" existed at the state court level. Even if a "prior action" exists under the facts of this case, it is still unclear whether the state court order is a "final judgment." The Court notes that CTF refers to the state court order in the instant motion as an "order" the majority of the time and does not explain whether or how the order is a "final judgment" as required by the case law upon which CTF relies.

" 'To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy.' " *Burciaga*, 871 F.3d at 385 (citing *Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex. 1956)). The state court order merely appointed an umpire. It is unclear whether the state court order disposed of all the issues involved because the order's language does not purport to do so. The record before the Court does not show that any petition was filed in state court such that the Court can identify the issues that were before the state district judge. Additionally, neither party claims summons was issued as to Nova, or that a cause number was assigned to the matter. Thus, it is hard to imagine how the state court could have entered a final judgment determining the rights of the parties and disposing of all issues involved.

Nevertheless, the Court assumes, without deciding, that a "prior action" and "final judgment" exist, such that Nova's declaratory judgment action constitutes a collateral attack.[4] To be clear, the Court makes no finding as to whether CTF's letter to the state court and the state court order constitute a "suit," or whether the state court order constitutes a "final judgment." Assuming,

---

[4] The deficiencies the Court identifies below as rendering the state court order void and subject to collateral attack (assuming there was a prior action and final judgment), also illustrate why the state court order is arguably not a "final judgment" subject to the collateral attack analysis. To perform the collateral attack analysis on the state court order, the order must be held to the same standard as a valid final judgment, meaning that it must possess the same characteristics of finality as a final judgment. Though a harsh standard for an order to live up to, Texas res judicata principles give preclusive effect only to final judgments.

without deciding, Nova's declaratory judgment action constitutes a collateral attack, the issue is whether the collateral attack is permissible.

CTF claims the state court order complies with the policy's terms and is valid, but Nova claims it did not receive proper notice of the letter or state court order. [ECF 61 at 4]. CTF's motion for dismissal is unsupported. However, the state court order is attached to Nova's original complaint; thus, it is properly before the Court. *See King*, 728 F.3d at 413.

"Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.' " *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). "If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party." *Id*. (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). Personal jurisdiction over a party is established through the party's "voluntary entry into the court or by the serving of process on the [party] in accordance with state procedures consistent with due process." *Ex parte Bowers*, 671 S.W.2d 931, 935 (Tex. App.—Amarillo 1984, no pet.) (internal citation omitted). If personal jurisdiction is missing, "any judgment or order rendered by the court is void." *Id*. (internal citation omitted); *see A.L.T. Corp.*, 801 F.2d at 1455 ("It is axiomatic that a judgment must be supported by a proper showing of jurisdiction over the subject matter and over the relevant parties.") (internal quotation and citation omitted).

Nova argues, and CTF does not dispute, that Nova was not served, did not receive notice of CTF's request to appoint an umpire before the state court order was signed, and did not voluntarily appear in the state court matter. Thus, the order is defective because the state court lacked jurisdiction over Nova. However, the state court order is not void and subject to attack unless the defect appears on the face of the order. *See Steph*, 840 F.2d at 270; *see also State Mortg.*

*Corp.*, 36 S.W.2d at 441. If the defect, lack of personal jurisdiction over Nova, does not appear on the face of the order, then the order is merely voidable and subject only to direct attack. *See id.*

The face of the state court order does not bear the usual traits of an official court document, much less a valid final judgment. The order has no cause number or file-stamp, which indicates a suit was not properly filed, Nova was not properly served, and the Court did not acquire personal jurisdiction over Nova. When a final judgment "carr[ies] the evidence of its own infirmity," the Court may consider the record and the pleadings in determining whether the judgment is void. *See State Mortg. Corp.*, 36 S.W.2d at 441–42. Nova was shown as a CC on the letter to the state court via first class mail, but the "received" stamp shows Nova received the letter after the letter was dated and the state court order was signed. [ECF 1-4 at 2–3, 7]. First class mail is not proper service under the Texas Rules of Civil Procedure, nor is service by a party's agent. *See* Tex. R. Civ. P. 106. Nothing shows summons was issued, that Nova was served in compliance with the Texas Rules of Civil Procedure, that Nova waived its right to notice of CTF's "legal action" seeking appointment of an umpire, or that Nova agreed to informal service of process.[5] The Court finds the state court order is defective on its face, and therefore, void.

CTF focuses on the language of the insurance policy and the contractual right it claims the policy bestowed on it to seek the state court order. Specifically, CTF states "The policy language on the appointment of an umpire is clear that either appraiser may request the selection of an umpire to be made by a judge having jurisdiction." [ECF 56 at 6]. CTF goes on to explain why the

---

[5] Under Texas law, even a party seeking an ex parte temporary restraining order must comply with certain rules, which are meant to protect the party without notice. Texas Rule of Civil Procedure 680 states, "[no] temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Tex. R. Civ. P. 680. Further, "[e]very temporary restraining order granted without notice ... shall define the injury and state why it is irreparable and why the order was granted without notice." *Id*. " 'Orders that fail to fulfill these requirements are void.' " *Hall v. BAC Home Loans Servicing, L.P.*, 541 F. App'x 430, 432 (5th Cir. 2013) (citing Tex. R. Civ. P. 680; *In re Office of the Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008)).

8

state court had subject matter jurisdiction and why venue was proper. [*Id*.]. However, CTF does not claim the state court had personal jurisdiction over Nova, nor does CTF explain why the policy's language— "may request the selection of an umpire…by a judge having jurisdiction"— does not require the state court to have personal jurisdiction over the parties.

Instead, CTF cites *Steph v. Scott* to support its argument that a judgment not defective on its face is not void, and therefore, not subject to collateral attack. *See Steph*, 840 F.2d at 270. The state court order in this case is unlike the state court judgment in *Steph*. The state court judgment in *Steph* "recited that it had personal and subject matter jurisdiction over all of the parties."[6] Thus, on the face of the judgment, it appeared the state court had jurisdiction over the parties. *Id*. State court orders appointing an umpire are unlikely to contain recitals of jurisdiction, and the order at issue here is no different. The state court order lacks the jurisdictional recitals that caused the judgment in *Steph* to appear valid and non-defective on its face and insulated it from collateral attack.[7] Accordingly, the state court order has no jurisdictional recitals that render it "absolutely immune from collateral attack."

In sum, CTF's claim that the state court order is a final judgment in a prior action, which cannot be collaterally attacked, fails. It is not clear that a prior action existed or that the state court order constituted a final judgment; nevertheless, even assuming these facts, the state court order is void and subject to collateral attack. The policy's own language and Texas case law required the

---

[6] In *Steph*, the court noted that "the Texas court recited that it had personal and subject matter jurisdiction over all of the parties." *Id*. The court then stated, "These jurisdictional recitals were binding on the district court and rendered the Tom Green County judgment absolutely immune from collateral attack." *Id*. (internal citation omitted).

[7] The state court order does not state the Hansford County District Court had jurisdiction over the parties or the subject matter of the order. The entirety of the language in the state court's one-page Order Appointing Appraisal Umpire is as follows: it lists the name and address of each party's appraiser and then states, "In accordance with a request made by Appraiser for the Insured, the undersigned District Judge of Hansford County, Texas, appoints the following umpire for appraisal: [Matt Hinton of B&G Electric, Pampa, Texas]." [ECF 1-4 at 7]. The order is signed by Judge Brancheau and appears to be dated April 19, 2017. [*Id*.].

state court to have jurisdiction over the parties to enter a valid order. Assuming solely for purposes of this analysis that Nova's declaratory judgment action was a collateral attack on the state court order, the collateral attack was a permissible attack on a void order. The state court order is void, not voidable, because the state court lacked personal jurisdiction over Nova and the defect appears on the face of order. Nova's lawsuit in this Court was not an impermissible collateral attack on a state court order, and the Court has subject matter jurisdiction. Accordingly, the undersigned recommends that CTF's motion be denied.

## IV.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that CTF's Motion to Dismiss [ECF 56] be DENIED.

## V.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 29, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).