IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, LTD., | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | |
| CATTLE TOWN FEEDERS, LTD., | § § | 2:17-CV-122-D-BR |
| Defendant, Counter-Plaintiff, and Third-Party Plaintiff, | § § § § | |
| v. | § § | |
| ARGONAUT INSURANCE COMPANY, | § § § | |
| Third-Party Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff and Counter-Defendant Nova Casualty Company Ltd. ("Nova") and Third-Party Defendant Argonaut Insurance Company's ("Argonaut") (collectively the "Insurers") Motion for Summary Judgment. (ECF 53).[1] The undersigned recommends the motion be DENIED.

## I.   BACKGROUND

The Court will address only the factual and procedural history relevant to the disposition of the Insurers' motion. Nova issued an insurance policy to CTF that was effective from November 1, 2014 to November 1, 2015. (ECF 55-2 at 4). Argonaut issued an insurance policy to CTF that was effective from November 1, 2015 to November 1, 2016. (ECF 55-4 at 21). On or about August

---

[1] ECF 55-1 – 55-6 and 60-2 form the Insurers' appendix in support of their motion for summary judgment and will be cited as "Insurers' App." Citations will refer to the numbering assigned by the Insurers. ECF 59-1 is Cattle Town Feeders, Ltd. ("CTF") appendix in support of its response to the motion for summary judgment and will be cited as "CTF App." Citations will refer to the numbering assigned by CTF.

3, 2015, a storm event damaged CTF's feed mill. (ECF 59-1 at 61). CTF and Nova disagreed regarding the amount of loss. Nova paid CTF for the loss, but CTF claimed it was owed more. CTF's feed mill sustained additional damage from a fire in 2016. (*See id.* at 57, 62). CTF notified the Insurers of the fire and resulting damage. (*Id.* at 49–52). CTF claims the fire was caused by the damage from the August 3, 2015 storm. (*Id.* at 62). Because the parties continued to dispute the amount of loss, CTF demanded appraisal with respect to its policy with Nova.[2]

In its June 7, 2018 Order, this Court vacated the state court order appointing an umpire and compelled the parties[3] to appraisal. (*See* ECF 47). The Court later appointed Jerry Dickerson ("Dickerson") as umpire. (ECF 52). An appraisal award was issued in September 2018 that states Nova owes no additional amount with respect to CTF's claim stemming from the August 3, 2015 storm. (ECF 55-6). The Insurers seek summary judgment on CTF's claim based on timely payment of the appraisal award.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id.*; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little*

---

[2] *See* ECF 25-1.
[3] Argonaut invoked its right to appraisal pursuant to its policy with CTF prior to that order. (*See* ECF 42).

*v. Liquid Air Corp.*, 37 F.3d 1069, 1076, n.14 (5th Cir. 1994). Next, the Court must review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16, n.7 (5th Cir. 1992). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194. The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007).

If "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation omitted)). The movant then "must demonstrate the absence of a genuine issue of material fact," but does not have "to negate the elements of the nonmovant's case." *Id.* (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

"If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick Cty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little*, 37 F.3d at 1075). On the other hand, if the movant meets its burden to show an absence of evidence supporting the nonmovant's case, then the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 324). If the non-movant cannot provide some evidence to support its claim, summary judgment is appropriate. Fed. R. Civ. P. 56(e); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

### III.   ANALYSIS

The Insurers seek summary judgment on CTF's claims against them based on the affirmative defense of estoppel. (*See* ECF 54 at 11). As an initial matter, the Court must determine how the summary judgment burdens apply to the parties. Estoppel is an affirmative defense. *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. 11–20221, 2012 WL 181413, at *2 (5th Cir. Jan. 24, 2012); Fed. R. Civ. Proc. 8(c). Thus, the Insurers bear the initial burden to establish the essential elements of estoppel because they are the movants and bear the burden of

proof on the defense. *See Church on the Rock N. v. Church Mut. Ins.*, Co., No. 3:10-CV-0975-L, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013). Only if the Insurers meet their initial burden to conclusively establish all elements of their estoppel defense does the burden shift to CTF to raise a material fact issue. *See Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 264 (Tex. App.—San Antonio 2016, pet. denied). Additionally, "[a]lthough every reasonable presumption will typically be made in favor of an appraisal award, [at the summary judgment stage] that rule must yield to the degree its application conflicts with the presumptions required to be made in favor of a nonmovant." *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683 (Tex. App.—Dallas 1996, writ denied) (*citing Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 798 (Tex. App.—Amarillo 1995, writ denied)).

### A. The Insurers' estoppel affirmative defense to CTF's breach of contract claims

Under Texas law, "[a]ppraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable." *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ). A binding and enforceable appraisal award estops one party from contesting the issue of damages in a subsequent suit on the insurance contract. *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The three elements required to establish estoppel of a breach of insurance contract claim are: "(1) a binding and enforceable appraisal award exists; (2) the insurer timely pays the appraisal award; and (3) the insured accepts the payment." *Cody v. Am. Bankers Ins. Co. of Fla.*, No. 2:14-CV-00187-J, 2015 WL 6460007, at *2 (N.D. Tex. Oct. 21, 2015) (citing *Blum's Furniture Co.*, No. 11–20221, 2012 WL 181413, at *3).

The Insurers do not concisely set out the elements of their affirmative defense of estoppel, or acknowledge in their briefing that they bear the burden to prove the elements of their affirmative

defense.[4] The Insurers' brief states that as the moving party, they bear "the burden of identifying an absence of evidence to support the nonmoving party's case." (ECF 54 at 11). This is inaccurate where, as explained above, the movant seeks summary judgment on an affirmative defense on which the movant bears the burden of proof.

In the summary of their motion, the Insurers claim that a "binding appraisal award was issued." (*Id*. at 10). In support, the Insurers submitted a signed appraisal award. (Insurers' App., 296). Additionally, the policy issued by Nova contains a section titled, "H. Loss Conditions," which states in relevant part, "A decision agreed to by any two [of the three (each parties' appraiser and the umpire)] will be binding." (Insurers' App., 65; CTF App., 10). Further, it is undisputed not only that Nova paid CTF $58,840 on November 8, 2015 and $282,866.21 on December 18, 2015, but also that CTF was owed nothing more than this under the appraisal award. (Insurers' App., 296; CTF App., 44–48). Nova has met its initial burden, and the burden now shifts to CTF to raise a genuine issue of material fact as to Nova's affirmative defense. *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 264 (Tex. App.—San Antonio 2016, pet. denied) (*citing Cantu v. S. Ins. Co.*, 03–14–00533–CV, 2015 WL 5096858, at *4 (Tex. App.—Austin Aug. 25, 2015, no pet.)).

Argonaut, however, has failed to meet its initial summary judgment burden because it has not provided evidence with respect to the first element of its estoppel defense—a binding and

---

[4] Neither insurer pled the affirmative defense of estoppel as Federal Rule of Civil Procedure 8(c) requires. However, "[w]here the [affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise… technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983) (per curiam). "[A] defendant does not waive an affirmative defense if it is raised at a 'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.' " *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (quoting *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)). CTF does not contend the Insurers waived the affirmative defense by failure to plead it or that it is prejudiced because the Insurers raised the defense for the first time at summary judgment. Thus, the Court will consider the Insurers' estoppel ground for summary judgment.

enforceable appraisal award. The award identifies CTF and Nova[5], but does not identify Argonaut. Argonaut produced no other evidence to show it is a party to the appraisal award. Argonaut's Motion for Summary Judgment should be denied because it failed to meet its summary judgment burden to show a binding and enforceable appraisal award between it and CTF.

### i. Whether the appraisal award is binding as to Nova and CTF

Because Nova met its initial burden, the Court must now examine whether CTF has raised a genuine issue of material fact on Nova's estoppel defense. CTF asserts that the policy allows it to sue even after appraisal and that such award is not binding upon it. (ECF 58 at 23). In support of its argument, CTF submitted evidence of an endorsement modifying the terms of the Nova policy. (CTF App., 12–14). Nova's policy contains a section titled, "H. Loss Conditions," which states in relevant part, "A decision agreed to by any two [of the three (each parties' appraiser and the umpire)] will be binding." (*Id*. at 10). The policy was subsequently modified by an endorsement that states:

> 1. If there is an appraisal:
>
>> a. You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Condition; and
>>
>> b. We still retain our right to deny the claim.

(*Id*. at 12). The endorsement contains a "Legal Action Against Us" section that states:

> No one may bring a legal action against us under this Coverage Part unless:
>
>> 1. There has been full compliance with all the terms of this Coverage Part; and
>>
>> 2. The action is brought within two years and one day from the date the cause of action first occurs. The cause of action occurs on the date of the initial breach of our contractual duties as alleged in the action.

---

[5] The "Insurance Company" named on the appraisal award is "York Risk Service Group, Inc." ("York"). (Insurers' App., 296). The summary judgment evidence shows that Nova retained York to investigate and adjust CTF's claim for damages from the August 3, 2015 storm. (*Id*. at 294; CTF App., 44).

(*Id.*).

Language identical to that in the endorsement has been found to create a fact issue with respect to the first element of an insurer's estoppel defense. *Church on the Rock N.*, Co., No. 3:10-CV-0975-L, 2013 WL 497879, at *7 (genuine issue of material fact existed as to whether parties agreed to be bound by appraisal award where policy's language that appraisal was binding was contradicted by "language regarding [insured's] retention of the right to bring a legal action against [insurer] if there [was] an appraisal"); *see In re Acceptance Indem. Ins. Co.*, 562 S.W.3d 655, 663–64 (Tex. App.—San Antonio 2018, no pet.) (discussing similar language). The Court finds a genuine issue of material fact exists as to whether these parties contractually agreed to be bound by the appraisal award. Accordingly, the undersigned recommends that Nova's Motion for Summary Judgment be denied on this ground.

ii.    Whether the appraisal award is enforceable

Although the Court recommends that Nova's Motion for Summary Judgment be denied based on a fact issue as to whether the appraisal award is binding, the Court still considers CTF's second argument that the appraisal award is not enforceable. "Texas courts have recognized three situations where the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was the result of fraud, accident or mistake; or (3) when the award was not made in substantial compliance with the terms of the contract." *Hennessey*, 895 S.W.2d at 798 (citing *Providence*, 877 S.W.2d at 875). CTF argues that all three exceptions apply.

a.    Whether the award was made without authority

CTF obtained a state court order appointing an umpire, which this Court subsequently vacated for failure to comply with the policy terms regarding appointment of an umpire. (ECF 47).

8

In addition to vacating the state court order, the Court granted Nova's Motion to Compel Appraisal and appointed an umpire when the parties could not agree on one. (ECF 47, 52). CTF contends the court-appointed umpire's award was made without authority because the award is the direct result of a collateral attack on the state court order. (ECF 58 at 22). The Court has already issued its recommendation on this issue. (ECF 62). CTF also argues Nova waived its right to complain about the state court-appointed umpire. Based on this claimed waiver, CTF argues it was improper for the Court to vacate the state court order and appoint Dickerson as umpire, and thus the subsequent award issued by Dickerson was made without authority. The Court previously decided this issue in Nova's favor. (*See* ECF 47).

Regardless, CTF's arguments do not raise the particular concerns addressed by the case law on the issue of authority. "[A]ppraisal panels are within their rights when they consider whether damage was caused by a particular event or was instead the result of non-covered pre-existing perils like wear and tear." *TMM Investments, Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 474 (5th Cir. 2013) (citing *Johnson v. State Farm Lloyds*, 204 S.W.3d 897 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009)). However, an umpire has no authority to act unless there is a discrepancy between the findings of the two appraisers. *Id*. at 472. CTF raises no such claims, and thus has not shown the appraisal award was made without authority.[6]

### b. Whether the award is a result of fraud, accident, or mistake

CTF claims the appraisal award is based on a mistake of fact because the federal court-appointed umpire did not properly consider the opinion of CTF's appraiser during his independent investigation. (ECF 58 at 25). "A court may set aside an award on the ground of mistake [or accident] only 'upon a showing that the award does not speak the intention of the appraisers.' "

---

[6] The members of the appraisal panel were umpire Jerry Dickerson, Chris Deakin ("Deakin") (CTF's appraiser), and Drew Riley (the Insurers' appraiser).

9

*MLCSV10 v. Stateside Enter., Inc.*, 866 F. Supp. 2d 691, 702 (S.D. Tex. 2012) (quoting *Providence Washington Ins. Co. v. Farmers Elevator Co.*, 141 S.W.2d 1024, 1026 (Tex. App.—Amarillo 1940, no writ)). An actionable "mistake" is one that caused an award to operate in a way the appraisers did not intend. *Farmers*, 141 S.W.2d at 1026–27. Texas Courts have defined "mistake" as:

> [A] situation where the appraisers and umpire were laboring under a mistake of fact by which their appraisal award was made to operate in a way they did not intend, such that the award does not speak the intention of the appraisers and umpire, or where the error resulting in the award is so great as to be indicative of gross partiality, undue influence, or corruption.

*Garcia*, 514 S.W.3d 269–70; *Barnes v. Western Alliance Ins. Co.*, 844 S.W.2d 264, 268 (Tex. App.—Fort Worth 1992, writ dism'd by agr.) (quoting district court's jury instruction). "[An umpire's] decision to use [one appraiser's] estimates rather than [another's] does not mean that the appraisal award resulted from accident or mistake." *MLCSV10*, 866 F. Supp. 2d at 702.

To support its claim, CTF offers the affidavit of its appraiser, Deakin. (CTF App., 60–63). However, neither Deakin nor CTF identifies a fact of which Dickerson was unaware that rendered the award a mistake. CTF's summary judgment evidence shows Deakin and Dickerson discussed the difference in the appraisers' opinions. (*Id*. at 62). The fact that Dickerson chose between two competing opinions, without more, does not raise a genuine issue of material fact regarding whether the appraisal award resulted from accident or mistake. *See MLCSV10*, 866 F. Supp. 2d at 702; *see also JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 746–47 (5th Cir. 2009).

### c. Whether the award complied with the policy's requirements

CTF claims the appraisal award does not substantially comply with either the terms of the policy or the Court's order compelling appraisal because the award does not itemize damages or list the parties correctly. (ECF 58 at 25–26). However, CTF does not identify a specific provision

or requirement that was violated. CTF also claims the appraisal award does not comply with the policy and is unfair because the award does not discuss the damage to the feed mill caused by the 2016 fire. (*Id*.). Again, CTF fails to identify the specific policy provision it claims the Insurers violated. CTF makes other conclusory arguments that Dickerson did not observe high standards of conduct, but does not cite a specific policy provision to show why Dickerson's alleged conduct is not in substantial compliance with the policy. (ECF 58 at 25). CTF has failed to raise a material fact issue regarding whether the award substantially complied with the policy's requirements. The undersigned finds that CTF failed to raise a genuine issue of material fact as to the enforceability of the appraisal award.

### B. CTF's extracontractual claims

CTF's First Amended Answer & Counterclaim alleges Nova violated the Texas Insurance Code and breached its duty of good faith and fair dealing. (ECF 34 at 7–8). Nova challenges CTF's extracontractual claims on the ground that the claims cannot survive after timely payment of the appraisal award, which defeats any breach of contract claims. (ECF 54 at 15–17). Nova's argument as to these claims relies on its success in defeating CTF's breach of contract claims with its estoppel affirmative defense. The Court's determination that Nova is not entitled to summary judgment on its estoppel defense moots its argument that timely payment of the appraisal award (an element of estoppel) precludes CTF's extracontractual claims.

### IV.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Insurers' Motion for Summary Judgment be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 19, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).