IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, LTD., | § | |
| Plaintiff and Counter-Defendant, | § § § | |
| v. | § § | |
| CATTLE TOWN FEEDERS, LTD., | § | CIVIL ACTION NO. 2:17-CV-122-Z-BR |
| Defendant, Counter-Plaintiff, and Third-Party Plaintiff, | § § § § | |
| v. | § § | |
| ARGONAUT INSURANCE COMPANY, | § § | |
| Third-Party Defendant. | § | |

**ORDER**

On July 19, 2019, the United States Magistrate Judge entered findings and conclusions on Nova Casualty Company Ltd. ("Nova") and Argonaut Insurance Company's ("Argonaut") (collectively "Insurers") Motion for Summary Judgment (ECF No. 53). ECF No. 66. The Insurers filed objections to the findings, conclusions, and recommendation on August 2, 2019. ECF No. 68. Cattle Town Feeders, LTD. ("CTF") filed its response to the Insurers' objections on August 12, 2019. ECF No. 70.

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the Magistrate Judge, the Insurers' objections, and CTF's response to the Insurer's objections, the Court concludes that the findings and conclusions are correct in part. It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED in part and the Insurers' Motion for Summary Judgment

1

(ECF No. 53) is GRANTED in part and DENIED in part. The Court provides the reasons for its order in the following analysis.

## ANALYSIS

In their objections from August 2, 2019 (ECF No. 68), the Insurers argue that the finality of the appraisal award disposes of all claims in this lawsuit. Citing the Fifth Circuit's opinion in *TMM Investments, Ltd. v. Ohio Casualty Insurance Company*, the Insurers contend that every reasonable presumption should be made to sustain the appraisal award—likewise, the burden of proof to avoid the award lies with CTF. *See* ECF No. 68 at 3 (citing *TMM Investments, Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013)). The Insurers' argument invokes both the relevant policy language and the treatment of appraisals in Texas courts.[1]

The relevant policy language is found in the Endorsement with Texas Changes, AAG00050311:

> **B.** The **Legal Action Against Us** Condition is replaced by the following:
>
> **Legal Action Against Us**
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all the terms of this Coverage Part; and
>
> 2. The action is brought within two years and one day from the date the cause of action first occurs. A cause of action occurs on the date of the initial breach of our contractual duties as alleged in the action.

---

[1] Because this lawsuit does not arise from the U.S. Constitution or any federal statute, Texas substantive law applies. *See Erie. R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938). The Supreme Court of Texas determines issues of Texas law; however, when the Supreme Court of Texas has not addressed an issue, this Court must make an *Eerie* assessment about how the State's highest court would resolve the issue. *Westlake Petrochems., L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 238 n. 5 (5th Cir. 2012). In doing so, the Court may consider decisions of intermediate appellate state courts. *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citing *Matheny v. Glen Falls Ins. Co.*, 152 F.3d 348, 354 (5th Cir. 1998)).

C. The **Appraisal** Loss Condition is replaced by the following:

**Appraisal**

If we and you disagree on the value of the property, the amount of Net Income and Operating Expense or the amount of the loss either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and Operating Expense, or amount of loss as applicable. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

1. Each Party will:
   a. Pay its chosen appraiser; and
   b. Bear the other expenses of the appraisal and umpire equally.
2. If there is an appraisal:
   a. You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Condition; and
   b. We will still retain our right to deny the claim.

*See* ECF No. 59-1 at 12 (emphasis in original). Texas law requires courts to construe insurance policies under the usual principles of contract law. *American States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998) (citing *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 700 (5th Cir. 1996)); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003). A court's primary role "is to give effect to the written expression of the parties' intent." *Balandran v. Safeco Ins. Co. of American*, 972 S.W.2d 738, 741 (Tex. 1998) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995)). When interpreting a contract, a court must not isolate "a single phrase, sentence or section of a contract" from other provisions. *See State Farm Life Ins. Co. v. Beaston*, 907 S.W. 2d 430, 433 (Tex. 1995). The Court must also presume "that the parties intended

every contractual provision to have some meaning." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 180 (Tex. 1997).

When read in its entirety, the Endorsement with Texas Changes—AAG00050311—provides for an appraisal process. Post-appraisal, the *insured* retains a right to bring a legal action subject to certain provisions, and the *insurer* retains the right to deny the claim. *See* ECF No. 59-1 at 12. To give effect to CTF and Nova's written expression of intent, the Court construes the agreement in a way that gives full effect to all provisions as written and in context of the policy.

First, the Court FINDS that CTF and Nova agreed to be bound by an appraisal award. The unambiguous language of the Endorsement states that the appraisal process may be invoked to settle a disagreement arising from certain monetary values and amounts. The Endorsement further provides for the selection of appraisers and an umpire—including CTF and Nova's respective payment obligations to each. These details reflect CTF and Nova's intent to be bound by an appraisal award that is issued pursuant to the Endorsement.

Second, the Court FINDS that CTF and Nova agreed that CTF retained a right to sue after an appraisal occurs. When read in conjunction with the appraisal provisions, the right to sue arises *after* the appraisal process. This provision reveals that CTF retained its right bring a legal action while also consenting to the appraisal process. When read in context, this section shows that CTF reserved its right to sue on matters that are not resolved by the issuance of an appraisal award. For instance, if an appraisal award resolves the disagreement involving the amount of damages, CTF still retains the right to sue the Nova for denying coverage. This interpretation of the agreed-to language aligns with the Parties intent to be bound by an appraisal. Any other reading of this provision would render the appraisal section meaningless.

Third, the Court FINDS that Nova reserved its right to deny coverage after an appraisal. The right to deny coverage falls outside of the appraisal process. Appraisals determine the amount of damages, not liability.[2] The text of the Endorsement does not signify a departure from this norm. And the Parties' consent to the appraisal process is not undermined by Nova's right to deny coverage. Therefore, the Court FINDS that the appraisal award (ECF No. 55-6) is binding.

The Court ADOPTS the Magistrate Judge's findings and conclusion that CTF failed to raise a genuine issue of material fact as to the enforceability of the appraisal award. Specifically, CTF failed to show that the appraisal award should be disregarded for one of the of the following reasons: "(1) the award was made without authority; (2) the award was the result of fraud, accident, or mistake; or (3) the award was not made in substantial compliance with the terms of the contract." *See TMM Investments, Ltd. v. Ohio Cas., Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013) (citing *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875–76 (Tex. App.—San Antonio 1994, no writ)).

Because Nova paid CTF the amount listed in the appraisal award, Nova is entitled to summary judgment on CTF's breach of contract claim. *See Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 Fed.Appx. 366, 367–68 (5th Cir. 2012) (concluding that the insurer's timely

---

[2] The Supreme Court of Texas delineated the difference between the amount of damages determined by an appraisal and a party's liability to pay the appraised amount. As noted by the court, appraisals do not determine liability:

> Most appraisal clauses do not define the scope of appraisal in detail . . . but the ordinary meaning of the words serves that purpose. The word "appraisal" itself generally means the determination of what constitutes a fair price; valuation; estimation of worth. The policy directs the appraisers to decide the amount of loss, not to construe the policy or decide whether the insurer should pay. . . .
>
> The line between liability and damage questions may not always be clear. . . . But while appraisal clauses might be drafted more precisely, the scarcity of suits on the subject suggests the 1888 test is still adequate: the scope of appraisal is damages, not liability.

*State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889–90 (Tex. 2009) (cleaned up).

payment of a binding and enforceable appraisal award combined with the acceptance of payment by the insured estops the insured from pursuing a breach of contract claim); *see also*, *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F.Supp.3d 584, 619–20 (S.D. Tex.) (listing Texas court opinions that dismiss breach of contract claims after an appraisal award is paid), *aff'd*, 624 Fed.Appx. 225 (5th Cir. 2015).

CTF's remaining claims against Nova also fail. CTF's claim that Nova breached its duty of good faith and fair dealing (ECF No. 34 at 7–8) cannot survive after the dismissal of the breach of contract claim. "An insured cannot maintain a common law and/or statutory bad faith claim where the breach of contract claim fails, unless the insurer's actions fall within one of the recognized exceptions." *Blum's Furniture Co., Inc.*, 459 Fed.Appx. at 367. CTF failed to present any evidence supporting an exception that would allow its bad faith claim to survive.

CTF claims that Nova violated Chapter 541 and Chapter 542 of the Texas Insurance Code. ECF No. 34 at 7–8. These claims also fail. Texas law precludes the award of statutory penalties under Chapters 541 and 542 of the Texas Insurance Code when an appraisal award is paid pursuant to the policy. *See United Neurology, P.A.*, 101 F.Supp.3d at 598–99 ("Under Texas law, timely payment of an appraisal award under the policy precludes an award of statutory penalties under the Texas Insurance Code §§ 541 and 542 as a matter of law.") (citing *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi-Edinburg 2004) and *Amine v. Liberty Lloyds of Texas, Inc.*, 2007 WL 2264477, at *4–6 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.)), *aff'd*, 624 Fed.Appx. 225 (5th Cir. 2015). CTF failed to show how its Texas Insurance Code claims can survive after the breach of contract claim is dismissed.

The Court ADOPTS the Magistrate Judge's findings and conclusion that Argonaut failed to meet its summary judgment burden to show a binding and enforceable appraisal award exists between CTF and Argonaut. Therefore, Argonaut's Motion for Summary Judgment (ECF No. 53) is DENIED.

It is ORDERED that CTF's claims against Nova are DISMISSED in their entirety. Nova's Motion for Summary Judgment (ECF No. 53) is GRANTED.

It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED as stated above. The Insurers' joint Motion for Summary Judgment (ECF No. 53) is GRANTED in part and DENIED in part.

SO ORDERED.

October 16, 2019.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE